THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTIN HAUSER, KIMBERLY LIND and APRIL WESTBERG, on behalf of themselves, individually, and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>    v.<br><br>ALEXIAN BROTHERS MEDICAL CENTER, d/b/a ALEXIAN BROTHERS HOME HEALTH, a Texas Non-profit Corporation, ALEXIAN BROTHERS HEALTH SYSTEM, an Illinois Non-profit Corporation, and ASCENSION HEALTH, a Missouri Non-profit Corporation,<br><br>                  Defendants. | Case No. 1:15-cv-6462<br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs KRISTIN HAUSER, KIMBERLY LIND and APRIL WESTBERG ("Plaintiffs"), individually and on behalf of all other similarly situated employees, by and through their counsel, bring this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and class action under Federal Rule of Civil Procedure 23 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, against Defendants ALEXIAN BROTHERS MEDICAL CENTER, d/b/a ALEXIAN BROTHERS HOME HEALTH, a Texas Non-profit Corporation, ALEXIAN BROTHERS HEALTH SYSTEM, an Illinois Non-profit Corporation, and ASCENSION HEALTH, a Missouri Non-profit Corporation (collectively, "Defendants"), and allege upon personal belief as to themselves and their own acts,

and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## NATURE OF THE ACTION

1. This action arises out of Defendants' systematic, companywide wrongful classification of Plaintiffs and other similarly situated home health clinicians as exempt from the overtime compensation requirements of the FLSA and IMWL. These persons worked for Defendants as registered nurses, physical therapists, occupational therapists and other similarly titled positions who provide health care services to patients in their homes (collectively "Clinicians").

2. For an employer to properly exempt an employee from the overtime compensation requirements of the FLSA and IMWL, Defendants must strictly and affirmatively establish both that the employee performs duties which meet one of the categories for exemption, and also that the employee is compensated on either a "salary" basis or a "fee" basis. Defendants, pursuant to their standardized pay practices and policies, pay Plaintiffs on a "per visit" basis, where each purported "visit fee" is calculated by applying a pre-defined multiplier to an hourly base rate assigned to Plaintiffs. Accordingly, the "per visit" fees are in essence a proxy for hourly compensation. In addition to "per visit" fees, Defendants pay Plaintiffs a different hourly "meeting rate" for non-visit related work, which expressly factors in the amount of time it takes Plaintiffs to perform specific non-visit related activities. This hybrid "per visit" and "hourly basis" pay scheme does not comport with either the salaried basis or the fee basis requirements of the FLSA or the IMWL. Accordingly, Defendants cannot meet their burden of establishing Plaintiffs are exempt and have wrongly deprived Plaintiffs of earned overtime compensation in violation of the FLSA and IMWL.

3. During the relevant statutory period, Defendants have maintained a corporate policy and practice of paying Clinicians pursuant to a compensation method which includes: (1) "per visit" payments as a proxy for hourly payments for home visits; (2) payments that vary based on the number of hours worked for non-visit related work; and (3) no payments for other visit-related work performed outside of the time spent in the patient's home.

4. Defendants pay Clinicians on a "per visit" basis for time spent visiting patients by applying a pre-defined multiplier assigned to each type of visit to an hourly "base rate" assigned to each Clinician. For example, all routine visits for physical therapists are paid at 1.6 times their hourly rate (the multiplier for routine visits by registered nurses is 1.34); all start of care visits are paid at 2.5 times the Clinicians' hourly rate; and all non-billable attempted visits that are not completed because a patient is not at home or otherwise unavailable are paid at .5 times the Clinicians' hourly rate. The multipliers are based on the estimated amount of time each type of home visit is expected to take. Similarly, Defendants pay Clinicians using specific rate multipliers for performing certain other tasks, which are also based on the estimated amount of time such tasks are expected to take. For example, registered nurses are paid a .5 multiplier for dropping off wound care supplies and picking up lab specimens.

5. Defendants pay Clinicians a different hourly "meeting rate" of pay for time spent in staff meetings, case conferences, quarterly chart audits, orientation, continuing education training, and other time as approved by Defendants' administration.

6. Defendants do not pay Clinicians any sums for a multitude of other work tasks they are routinely required to perform outside of the time spent in the patient's home, including but not limited to, completing documentation of patient visits ("charting"), preparation time for visits, gathering supplies for visits, calls with patients, physicians and other medical care providers,

3

travel time to and from patients' homes, coordinating care with other disciplines, and ordering medical equipment and supplies.

7. Based upon their compensation practice and policy, Defendants uniformly misclassify Clinicians as exempt employees.

8. Defendants failed to compensate Plaintiffs for all overtime wages earned.

9. Accordingly, Defendants are liable for their failure to pay Plaintiffs and other similarly-situated employees for time worked in excess of forty (40) hours in given workweeks at one and one-half times their regular rate.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

11. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants operate within this District and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

14. Plaintiff KRISTIN HAUSER is an adult resident of Illinois who worked for Defendants as a Clinician during the applicable statute of limitations period and was paid on a "per visit" and hourly basis.

15.     During the relevant time period, KRISTIN HAUSER was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL 820 ILCS § 105/3(d).

16.     Plaintiff KIMBERLY LIND is an adult resident of Illinois who worked for Defendants as a Clinician during the applicable statute of limitations period and was paid on a "per visit" and hourly basis.

17.      During the relevant time period, KIMBERLY LIND was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL 820 ILCS § 105/3(d).

18.     Plaintiff APRIL WESTBERG is an adult resident of Illinois who worked for Defendants as a Clinician during the applicable statute of limitations period and was paid on a "per visit" and hourly basis.

19.     During the relevant time period, APRIL WESTBERG was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL 820 ILCS § 105/3(d).

20.     At all relevant times, Defendant ALEXIAN BROTHERS MEDICAL CENTER, d/b/a ALEXIAN BROTHERS HOME HEALTH, has been a non-profit Texas corporation with its principal place of business located at 1515 East Lake Street in Hanover Park, Illinois.

21.     At all relevant times, Defendant ALEXIAN BROTHERS HEALTH SYSTEM has been a non-profit corporation organized under, and governed by, Illinois law, a citizen of Illinois, and is the parent of Defendant ALEXIAN BROTHERS MEDICAL CENTER.

22.     At all relevant times, Defendant ASCENSION HEALTH, has been a non-profit Missouri corporation headquartered in St. Louis, Missouri, with offices in Illinois, and is the parent of Defendant ALEXIAN BROTHERS HEALTH SYSTEM.

23.     At all relevant times, each Defendant was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and IMWL, 820 ILCS § 115/2.

**FACTUAL ALLEGATIONS**

24. As Clinicians, Plaintiffs KRISTIN HAUSER, KIMBERLY LIND and APRIL WESTBERG, like those they seek to represent, were required, among other things, to provide care to patients in their homes, complete documentation of patient health and visits ("charting"), communicate with patients, physicians and other medical care providers, and participate in various meetings and training. Defendants compensated Plaintiffs at an hourly base rate multiplied by pre-defined visit multipliers based on estimates of the amount of time each type of visit was expected to take.

25. Defendants compensated Plaintiffs at an hourly "meeting rate" for time spent in staff meetings, case conferences, quarterly chart audits, orientation, continuing education training, and other time as approved by Defendants' administration.

26. Defendants failed to compensate Plaintiffs for time worked performing certain tasks including, but not limited to, work performed before and after patient visits such as completing documentation of patient visits ("charting"), preparation time for visits, gathering supplies for visits, coordinating care with other disciplines, travel time to and from patients' homes, and ordering medical equipment and supplies.

27. Defendants classified Plaintiffs as exempt employees under the FLSA and IMWL and did not pay them overtime wages despite working in excess of forty (40) hours in given workweeks.

28. Plaintiffs were directed by Defendants to work, and routinely worked in excess of forty (40) hours in given workweeks, but were not compensated for overtime wages earned at a rate of one and half times their regular rate.

29. Defendants misclassified Plaintiffs and all other similarly-situated Clinicians as exempt from overtime compensation under the FLSA and IMWL.

30. Defendants suffered and permitted Plaintiffs and all other similarly situated Clinicians to work more than forty (40) hours per week without overtime pay.

31. Defendants did not keep accurate records of all of the hours worked by Plaintiffs and all other similarly situated Clinicians.

32. Defendants were aware, or should have been aware, that Plaintiffs and all other similarly situated Clinicians performed non-exempt work that required payment of overtime compensation. For instance, because Defendants assigned Plaintiffs their work and required them to work long hours to complete all of their job duties and responsibilities, Defendants knew that Plaintiffs and all other similarly situated Clinicians worked overtime hours.

## **FLSA COLLECTIVE ACTION ALLEGATONS**

33. Plaintiffs bring claims on their own behalf and as representatives of all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

34. Plaintiffs bring this action under the FLSA on behalf of the following collective class of similarly situated employees:

> All persons who worked as Clinicians for Defendants in their Home Health Care Division at any time since three (3) years prior to the filing of this Complaint through the date of judgment in this action, and who were classified as exempt, paid on a "per visit" basis, and were not paid overtime compensation for time worked in excess of forty (40) in given workweeks (the "FLSA class").

35. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent forms are attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

36. This action is properly maintained as a collective action because the representative Plaintiffs are similarly situated to the members of the FLSA class with respect to their training, job duties and compensation plan, and are all subject to a common practice, policy or plan in which Defendants suffered and permitted them to perform work for the benefit of Defendants in excess of forty (40) hours in given workweeks without compensation at time-and-a-half.

37. Defendants knew or should have known that they had misclassified members of the FLSA class as exempt.

38. Defendants knew or should have known that members of the FLSA class worked in excess of forty (40) hours in given workweeks.

39. Defendants' conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

40. There are over fifty (50) similarly situated current and former Clinicians who Defendants misclassified in violation of the FLSA and who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

41. The precise number of FLSA class members can be easily ascertained by using Defendants' payroll and personnel records. Given the composition and size of the class, members of the FLSA class may be informed of the pendency of this action directly via U.S. mail, e-mail and otherwise.

## IMWL CLASS ALLEGATIONS

42. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiffs bring claims on their own behalf and as representatives of all other similarly situated individuals pursuant to the IMWL, 820 ILCS 105/1, *et seq*., to recover unpaid wages, unpaid overtime

compensation, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

43. Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

44. Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of similarly situated employees under the IMWL:

> All persons who worked as Clinicians for Defendants in their Home Health Care Division at any time since three (3) years prior to the filing of this Complaint through the date of judgment in this action, and who were classified as exempt, paid on a "per visit" basis, and were not paid overtime compensation for time worked in excess of forty (40) in given workweeks (the "IMWL class").

45. This action is properly maintained as a class action under Rules 23(a) and (b) because:

   A. The class is so numerous that joinder of all members is impracticable;

   B. There are questions of law or fact that are common to the class;

   C. The claims or defenses of the Named Plaintiffs are typical of the claims or defenses of the class; and,

   D. The Named Plaintiffs will fairly and adequately protect the interests of the class.

### Numerosity

46. The total number of putative class members is in excess of fifty (50) individuals. The exact number of class members may easily be determined from Defendants' payroll records.

### Commonality

47. There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the IMWL class in that Plaintiffs and all members of the class have

9

been harmed by Defendants' failure to compensate current and former Clinicians for all time worked in excess of forty (40) hours in given workweeks. The common questions of law and fact include, but not limited to the following:

    A.    Whether Defendants misclassified Plaintiffs and the class as exempt from the overtime requirements of the IMWL;

    B.    Whether Defendants failed to keep true and accurate records of the amount of time Plaintiffs and the class actually worked; and,

    C.    Whether Plaintiffs suffered damages and the proper measure of those damages.

48.    Plaintiffs anticipate that Defendants will raise defenses that are common to the class.

### Adequacy

49.    The Named Plaintiffs will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiffs and class members. Plaintiffs, moreover, have retained experienced counsel that is competent in the prosecution of complex litigation and who have extensive experience acting as class counsel specifically for wage and hour litigation.

### Typicality

50.    The claims asserted by the Named Plaintiffs are typical of the class members they seek to represent. The Named Plaintiffs have the same interests and suffer from the same unlawful practices as the class members.

51.    Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Rule 23.

**Predominance and Superiority**

52. The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

53. On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

54. Plaintiffs incorporate by reference all preceding paragraphs.

55. Plaintiffs and other Clinicians employed by Defendants are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b).

56. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

57. Defendants willfully engaged in a widespread pattern and practice of violating the FLSA by misclassifying Plaintiffs and similarly situated employees as "exempt," and thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with Sections 206 and 207 of the FLSA.

58. Plaintiffs and members of the FLSA class are not subject to any exemption.

59. Defendants failed to create or maintain accurate records of the time Plaintiffs and the FLSA class worked in violation of the FLSA, 29 U.S.C. § 211(c).

60. As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA class have suffered and will continue to suffer a loss of income and other damages.

61. Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of their Clinicians.

62. As a result of Defendants' unlawful acts, they are liable to Plaintiffs and the FLSA class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

63. Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing their violations of the FLSA and other appropriate class-wide injunctive relief.

## COUNT II

## VIOLATION OF ILLINOIS MINIMUM WAGE LAW

64. Plaintiffs incorporate by reference all preceding paragraphs.

65. Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

66. The IMWL, 820 ILCS § 105, *et seq.*, requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

67. Defendants engaged in a widespread pattern and practice of violating the IMWL by misclassifying Plaintiffs and similarly situated employees as "exempt," and thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with Section 105/4(a) of the IMWL.

68. Plaintiffs and members of the IMWL class are not subject to any exemption.

69. Defendants failed to create or maintain accurate records of the time Plaintiffs and the IMWL class worked in violation of the IMWL, 820 ILCS § 105/8.

70. As a result of Defendants' violations of the IMWL, Plaintiffs and the IMWL class have suffered and will continue to suffer a loss of income and other damages.

71. As a result of Defendants' unlawful acts, they are liable to Plaintiffs and other IMWL class members for actual damages, liquidated damages and equitable relief, as well as reasonable attorneys' fees, costs and expenses.

72.     Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing their violations of the IMWL and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, KRISTIN HAUSER, KIMBERLY LIND and APRIL WESTBERG, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against the Defendants, and each of them, jointly and severally, and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A.  Certify a collective action under Count I and designate Plaintiffs as representative of all those employees similarly situated;

B.  Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, home addresses and email addresses of all Clinicians who have worked for the Defendants within the last three years;

C.  Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all Clinicians who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D.  Certify a class action under Count II;

E.  Appoint Stephan Zouras, LLP as counsel for the Plaintiffs under Rule 23(g);

F.  Declare and find that the Defendants committed one or more of the following acts:

   i.   Violated the overtime provisions of the FLSA by misclassifying Plaintiffs and similarly situated employees who opt-in to this action;

   ii.  Willfully violated provisions of the FLSA; and

   iii. Violated the overtime provisions of the IMWL by misclassifying Plaintiffs and similarly situated employees;

G.  Award compensatory damages in the amount of one and one-half times Plaintiffs' and similarly situated persons' regular rate of pay for all time they worked in excess of forty (40) hours per week under the FLSA;

H.  Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid under the IMWL;

I.  Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

J.  Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and IMWL;

K.  Grant leave to amend to add claims under applicable state and federal laws;

L.  Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

M.  For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: July 24, 2015                Respectfully Submitted,

                                    */s/ James B. Zouras*
                                    James B. Zouras
                                    Ryan F. Stephan
                                    Teresa M. Becvar
                                    Stephan Zouras, LLP
                                    205 N. Michigan Avenue, Suite 2560
                                    Chicago, Illinois 60601
                                    312-233-1550
                                    312-233-1560 f
                                    www.stephanzouras.com

                                    **ATTORNEYS FOR THE PLAINTIFFS**