

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KRISTIN HAUSER, KIMBERLY LIND and APRIL WESTBERG, on behalf of themselves, individually, and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:15-cv-6462 ) ) Magistrate Judge Jeffrey Cole |
| v. | ) ) |
| ALEXIAN BROTHERS MEDICAL CENTER, d/b/a ALEXIAN BROTHERS HOME HEALTH, a Texas Non-profit Corporation, ALEXIAN BROTHERS HEALTH SYSTEM, an Illinois Non-profit Corporation, and ASCENSION HEALTH, a Missouri Non-profit Corporation, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## FINAL APPROVAL ORDER AND FINAL JUDGMENT

On April 6, 2017, the Court heard the Parties' Joint Motion for Final Approval of Class and Collective Action Settlement. The Court has considered the Motion and other related materials submitted by the Parties, as well as the Parties' presentation at the hearing on final approval, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and § 216(b) of the Fair Labor Standards Act ("FLSA") and has supplemental jurisdiction over Plaintiffs' Illinois Minimum Wage Law

("IMWL") claims pursuant to 28 U.S.C. § 1367(a), including jurisdiction over all members of the Settlement Class.

2. The Court finds that there is a bona fide legal dispute between the Parties as to whether Class Members were correctly classified as exempt for overtime purposes and whether Class Members are owed any overtime compensation.

3. The Court grants final approval of the settlement memorialized in the Settlement Agreement and filed with the Court.

4. The Court finds that the settlement is fair, reasonable and adequate, and in the best interests of the Class Members. The Court finds that: (a) the strength of Plaintiffs' case on the merits weighed against Defendants' defenses, and the complexity, length and expense of further litigation, support approval of the settlement; (b) the Gross Settlement Amount of $1,000,000.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the settlement expressed by Class Counsel and counsel for Defendants, both of whom have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the settlement; (e) the absence of any objections to the settlement by Class Members supports approval of the settlement; and (f) the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the settlement.

5. The Court approves the settlement as a final, fair, reasonable, adequate, and binding release of the claims of the Named Plaintiffs, Opt-In Plaintiffs, and the Class Members as provided in the Settlement Agreement.

6. The Notice of Proposed Settlement of Class and Collective Action Lawsuit ("Class Notice") and related materials (collectively, "Notice Materials"), sent to the Class Members by the Settlement Administrator via first class mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the settlement was approved, their right to request exclusion from the settlement and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice Materials also adequately informed the Class Members of the address to contact the Settlement Administrator and informed the Class Members of addresses to contact both Class Counsel and Defendants' Counsel. Thus, the Court finds that the Notice Materials provided to the Class satisfied the requirements of Rule 23(c)(2)(B) and the FLSA.

8. Kurtzman Carson Consultants LLC ("KCC") is administering the settlement pursuant to the Settlement Agreement, with the assistance of Class Counsel and Defendants' counsel. KCC shall make a Settlement Payment to each member of the Settlement Class who did not opt out of the settlement as well as to the Named Plaintiffs and Opt-In Plaintiffs, in accordance with the provisions of the Settlement Agreement.

8. This Court hereby dismisses the case in its entirety with prejudice, without awarding costs to the Parties except as provided in the Settlement Agreement, and approves the settlement and releases set forth in the Settlement Agreement. The Court shall retain jurisdiction solely for the purpose of enforcing the deposit of the Gross Settlement Amount.

9. The Clerk is directed to enter judgment consistent with this Order.

IT IS SO ORDERED.

Dated: APRIL 6 , 2017

_____
The Honorable Jeffrey Cole
United States Magistrate Judge